
**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

JOSHUA D. SMITH
(516) 357-3246
joshua.smith@rivkin.com

June 30, 2016

**VIA ECF**
Honorable Steven M. Gold
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Government Employees Ins. Co., et al. v. Kiner, et al.
     Docket No. 15-cv-3135 (ARR)(SMG)
     RR File No.: 005100-00276

Dear Chief Magistrate Judge Gold:

Pursuant to Local Rule 37.3(c), GEICO respectfully submits this letter-motion seeking an Order enforcing two Subpoenas that Plaintiffs served upon (1) Ivar Dobelis ("Dobelis"); and (2) Anvers Dzafarovs ("Dzafarovs") – both non-party witnesses to this matter. Plaintiffs seek an Order of contempt against these individuals pursuant to Fed. R. Civ. P. 45(g), as well as an award of counsel fees and costs incurred in this application. Additionally, GEICO respectfully requests that the Court so-order the attached deposition subpoenas directed to Dobelis and Dzafarovs annexed hereto as Exhibits "G" and "H".

Copies of the original Subpoenas and affidavits of service are annexed hereto as Exhibits "A" and "B".

As the Court is aware, at issue in this litigation is the submission of fraudulent billing seeking reimbursement for purported medical services provided by Defendants through multiple professional corporations that operated out of a clinic located at 377 Remsen Avenue, Brooklyn, New York (the "Remsen Clinic"). GEICO's Complaint alleges, among other things, that the professional corporations at the Remsen Clinic (the "Remsen Providers") were secretly owned and controlled by laypersons Rafael Djafarov ("Djafarov") and Alexander Shvartsberg ("Shvartsberg") in violation of New York State licensing laws, and that Shvartsberg and Djafarov used these professional corporations to direct the submission of fraudulent claims to GEICO seeking reimbursement for an array of bogus healthcare services. In addition to the professional corporations sued herein, Shvartsberg and Djafarov also controlled Cove Chiropractic, P.C. ("Cove Chiropractic"), Gianna Medical, P.C. ("Gianna Medical"), and the unincorporated medical practice of Charles S. Davis, M.D. See Docket No. 66, ¶¶ 1-7, 21-22, 24-32. 53-74, 193.

Dobelis was the owner of a dissolved New York corporation named IVD, Inc. Annexed hereto as Exhibit "C" is a copy of IVD, Inc.'s Certificate of Incorporation. GEICO has reason to believe that Dobelis has significant information relating to the management and control of the Remsen Clinic and the Remsen Providers. Specifically, Charles S. Davis, M.D. previously testified (as part of an examination under oath conducted pursuant to the No-fault regulations) that (1) Dr. Davis would meet with, among other individuals, Dobelis once a month to "go over the expenses and revenue" of his unincorporated medical practice at the Remsen Clinic and (ii) Dr. Davis met with Dobelis, among other individuals, after he responded to an ad on Craig's List saying there is a part-time job for a physician at the Remsen Clinic in



Brooklyn. Annexed hereto as Exhibit "D" is an excerpted transcript from the September 27, 2012 Examination under Oath of Charles S. Davis. Additionally, subpoenaed bank records in this action reveal that Dobelis and IVD, Inc. received monies from several of the Remsen Providers, including Cove Chiropractic, Gianna Medical, Defendant Universal Rehab PT, P.C. ("Universal Rehab"), and Defendant Speedy Way PT, P.C. ("Speedy Way"). Annexed hereto as Exhibit "E" are copies of sample canceled checks issued to IVD, Inc. and Dobelis by the Remsen Providers. Lastly, at least one of the Remsen Providers issued checks to Alena Dobelis, who, upon information and belief, is Ivar Dobelis' wife. Annexed hereto as Exhibit "F" is a sample canceled check issued to Alena Dobelis by Universal Rehab.

Dzafarovs was the owner of a dissolved New York corporation named A & D Consulting and Promotions Inc. ("A&D Consulting"). Annexed hereto as Exhibit "G" is A&D Consulting's Certificate of Incorporation. Upon information and belief, Dzafarovs is related to Defendant Rafael Djafarov. As alleged in the Complaint, Shvartsberg and Djafarov siphoned away the profits generated by the healthcare providers at the Remsen Clinic through the use of numerous sham agreements for services, space, and equipment. See Docket No. 66 at 130, and passim. In this regard, subpoenaed bank records reveal that A&D Consulting – an entity owned by Djafarov's relative - received monies from several of the Remsen Providers, including Cove Chiropractic, Defendant Universal Rehab, and Defendant Speedy Way. Annexed hereto as Exhibit "H" are copies of sample canceled checks issued to A&D Consulting by the Remsen Providers. In keeping with the fact that Djafarov used sham agreements with shell corporations to siphon away the profits generated by the Remsen Providers, subpoenaed bank records also reveal that Knock-Knock Process Servers, Inc., a dissolved New York corporation owned by an individual named Raisa Djafarov, received more than $170,000.00 from the corporate bank accounts of the Remsen Providers. Upon information and belief, Raisa Djafarov is also related to Defendant Rafael Djafarov.

Dobelis and Dzafarovs have not objected to the Subpoenas. Moreover, both witnesses plainly have information relevant to the claims of GEICO. As outlined in the Complaint, the allegations necessarily require discovery regarding the business and financial operations of the Remsen Clinic, discovery regarding payments made to laypersons; the financial arrangements engaged in by the professional corporations with certain entities and individuals; issues regarding the control of the professional corporations' business and financial affairs; whether the named owners actually reaped the financial benefits of the professional corporations' profits; whether the professional corporations made payments for referrals; whether Shvartsberg and Djafarov were siphoning away the professional corporations' revenues as part of their illegal control over them, among other things.

Given GEICO's allegations that Shvartsberg and Djafarov illegally owned the medical providers operating out of the Remsen Clinic and controlled their finances through sham agreements for services and equipment, testimony from Dobelis and Dzafarovs is critical to GEICO's allegations that laypersons illegally controlled the professional corporations named in this case,.

The dates of the depositions sought by the Subpoenas served on Dobelis and Dzafarovs came and went, and both failed to appear. GEICO would have accommodated either of these witnesses had they needed to reschedule the date (as GEICO has done with other non-party witnesses in this case). The witnesses'



Honorable Steven M. Gold
June 30, 2016
Page 3

refusal to appear was plainly willful -- no documents have been produced by either witness and neither witness even reached out to GEICO to reschedule the depositions. Moreover, neither of the witnesses moved to quash the Subpoenas.

This Court has continually enforced subpoenas served on non-party witnesses who fail to offer a sufficient excuse for non-compliance. See Freund v. Weinstein, 2009 WL 4065585 (E.D.N.Y. 2009) (ordering non-party witness to comply with subpoena as no adequate excuse provided for non-compliance); Beruashvili v. Hobart Corp., 2006 WL 2289199, *1 (E.D.N.Y. Aug. 8, 2006); Calabro v. Stone, 224 F.R.D. 532 (E.D.N.Y. 2004) (same); see also First Indemnity of America Ins. Co. v. Shinas, 2005 WL 3535069 (S.D.N.Y. 2005) (requiring non-party to comply with subpoena after communications from deponent did not provide adequate excuse for failing to comply).

Here, Dobelis and Dzafarovs have both failed to provide an adequate excuse for their non-compliance and should be directed to respond to the Subpoenas.

Further, absent an adequate excuse by a non-party, failure to comply with a subpoena may be deemed a contempt of the court from which the subpoena is issued. Fed.R.Civ.P. 45(g); see also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir.1991); PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y.2002). Indeed, the judicial power to hold in contempt a non-party who has failed to obey a valid subpoena is the primary mechanism by which a court can enforce a subpoena. Powell v. Ward, 643 F.2d 924, 931 (2d Cir. 1980) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949)). Monetary sanctions for civil contempt traditionally have been awarded to compensate a party injured by noncompliance or to prevent continued disobedience. See Manhattan Industries, Inc. v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 5 (2d Cir. 1989).

GEICO respectfully requests that the Court direct Ivar Dobelis and Anverz Dzafarovs: (i) to produce documents responsive to the Subpoena; and (ii) to appear for depositions on or before July 29, 2016, at the offices of Rivkin Radler in Uniondale, New York. Additionally, GEICO respectfully requests that the Court so-order the attached deposition subpoenas directed to Dobelis and Dzafarovs annexed hereto as Exhibits "I" and "J". In the event there is a further failure to appear, GEICO requests that the Court grant GEICO its reasonable counsel fees and costs incurred in efforts to secure its compliance.

We appreciate the Court's attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

/s/ *Joshua D. Smith*

Joshua D. Smith

cc: All counsel via ECF